# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**ALTON SMITH and VALERIE SMITH,**
Plaintiffs,

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,**
and DOES 1–10,

Defendants.



2:26-cv-718-JES-NPM

# VERIFIED CIVIL COMPLAINT

# FOR DECLARATORY RELIEF, DAMAGES, AND EMERGENCY INJUNCTIVE RELIEF

Plaintiffs **Alton Smith and Valerie Smith**, appearing pro se, bring this action against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Servicer") for violations of federal servicing law, unlawful debt-collection conduct, denial of due process, and equitable violations arising from the servicing and attempted foreclosure of Plaintiffs' home.

This action seeks **immediate injunctive protection against foreclosure activity**, declaratory relief regarding the parties' rights, and statutory and compensatory damages.

This case arises from a pattern of conduct in which the Servicer refused to communicate with Plaintiffs after they lawfully terminated their attorney, continued to route communications through counsel who no longer had authority to act, blocked Plaintiffs from accessing their loan information and dispute procedures, and proceeded with foreclosure activity that culminated in a foreclosure sale that was later vacated by the state court.

The conduct described herein deprived Plaintiffs of the ability to protect their home and participate meaningfully in the foreclosure process.

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. §1331** because this action arises under federal law including:
   - The Real Estate Settlement Procedures Act (RESPA), **12 U.S.C. §2605**
   - Regulation X, **12 C.F.R. Part 1024**
   - The Fair Debt Collection Practices Act (FDCPA), **15 U.S.C. §1692 et seq.**
2. The Court has authority to grant declaratory and injunctive relief pursuant to **28 U.S.C. §§2201–2202**.
3. Venue is proper in this District under **28 U.S.C. §1391** because the property at issue is located in this District and the acts complained of occurred here.

# II. PARTIES

4. Plaintiffs **Alton Smith and Valerie Smith** are homeowners residing in Florida.
5. Defendant **Nationstar Mortgage LLC d/b/a Mr. Cooper** is a mortgage servicer engaged in the servicing and collection of residential mortgage loans.
6. Defendant regularly collects mortgage debt and is subject to federal servicing and debt-collection statutes.

# III. FACTUAL ALLEGATIONS

## A. The Mortgage Loan

7. Plaintiffs obtained a residential mortgage loan secured by their home in Florida.
8. Defendant later assumed servicing responsibilities for the loan.
9. As servicer, Defendant controlled borrower communications, servicing records, payment processing, and foreclosure coordination.

## B. Termination of Plaintiffs' Attorney

10. During the foreclosure proceedings Plaintiffs were represented by an attorney.
11. Plaintiffs lawfully **terminated that attorney's representation**.

12. Plaintiffs notified the foreclosure court and the servicer that the attorney no longer represented them.

13. Plaintiffs provided documentation demonstrating termination of representation.

### C. Servicer Refusal to Communicate With Borrowers

14. After termination of counsel, Plaintiffs attempted to communicate directly with the servicer regarding their loan.

15. Defendant refused to communicate with Plaintiffs and insisted communications occur through the terminated attorney.

16. Defendant knew or should have known that the attorney no longer represented Plaintiffs.

17. By refusing to communicate with Plaintiffs, Defendant prevented Plaintiffs from:

- disputing servicing errors
- accessing account information
- pursuing loan resolution options
- defending against foreclosure

18. Defendant's conduct effectively **barred Plaintiffs from participating in the foreclosure process affecting their own property.**

### D. Foreclosure Sale and Vacatur

19. A foreclosure sale was conducted against Plaintiffs' property.

20. The party pursuing foreclosure later moved to **vacate the foreclosure sale**.

21. The court granted the motion and vacated the sale.

22. The vacatur confirms that the foreclosure process had materially failed.

23. The breakdown of the foreclosure process occurred during the period in which Defendant refused to communicate with Plaintiffs and controlled loan servicing.

## IV. UNCONSCIONABILITY OF THE MORTGAGE CONTRACT

24. Plaintiffs incorporate all preceding paragraphs.

25. The mortgage contract was implemented and enforced in a manner that was **procedurally and substantively unconscionable.**

26. Plaintiffs had little meaningful bargaining power regarding the terms of the mortgage agreement.

27. The contract allowed the lender and servicer to invoke extraordinary remedies, including foreclosure, while the borrower's ability to challenge servicing conduct was severely restricted.

28. The Servicer's refusal to communicate with Plaintiffs after termination of counsel demonstrates how the structure of the servicing relationship can deprive borrowers of a meaningful opportunity to protect their rights.

29. Enforcement of the mortgage under these circumstances would produce inequitable results.

## V. DUE-ON-SALE CLAUSE

30. Plaintiffs incorporate the preceding paragraphs.

31. The mortgage contains a **due-on-sale clause** permitting acceleration upon certain transfers of property interests.

32. Due-on-sale clauses must be exercised in a manner consistent with federal law and equitable principles.

33. The Servicer's refusal to communicate with Plaintiffs and its interference with their ability to resolve the loan contributed directly to the acceleration and foreclosure process.

34. Enforcement of the clause under these circumstances would be inequitable and unconscionable.

## VI. COUNT I – RESPA VIOLATIONS

35. Plaintiffs incorporate the foregoing paragraphs.

36. Defendant failed to properly respond to borrower inquiries and servicing disputes.

37. Defendant obstructed Plaintiffs' ability to exercise rights under federal servicing regulations.

38. Defendant's conduct violates **12 U.S.C. §2605** and **12 C.F.R. §§1024.35 and 1024.36**.

## VII. COUNT II – FDCPA VIOLATIONS

39. Plaintiffs incorporate the foregoing paragraphs.

40. Defendant acted as a debt collector with respect to the mortgage debt.

41. Defendant engaged in unfair and unconscionable collection practices by refusing borrower communication while continuing foreclosure activity.

42. Defendant violated **15 U.S.C. §§1692e and 1692f**.

## VIII. COUNT III – DECLARATORY RELIEF

43. Plaintiffs incorporate the foregoing paragraphs.

44. A real and immediate controversy exists regarding the parties' rights and the legality of Defendant's servicing conduct.

45. Plaintiffs seek a declaration regarding those rights.

## IX. COUNT IV – INJUNCTIVE RELIEF

46. Plaintiffs incorporate the foregoing paragraphs.

47. Plaintiffs face continued risk of foreclosure activity.

48. Plaintiffs seek **preliminary and permanent injunctive relief** preventing foreclosure until the legal issues raised herein are resolved.

## X. EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

49. Plaintiffs incorporate the foregoing paragraphs.

50. Plaintiffs face the potential loss of their home through foreclosure.

51. Loss of real property constitutes **irreparable harm**.
52. Plaintiffs have demonstrated a substantial likelihood of success on the merits of their statutory claims.
53. The balance of equities favors preserving the status quo while the Court reviews the parties' rights.
54. The public interest favors ensuring mortgage servicers comply with federal servicing laws.
55. Plaintiffs therefore request issuance of a **Temporary Restraining Order preventing foreclosure activity** pending resolution of this action.

## XI. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Declare Defendant's conduct unlawful;

B. Issue a **Temporary Restraining Order and Preliminary Injunction preventing foreclosure activity**;

C. Award statutory damages under RESPA and the FDCPA;

D. Award compensatory damages;

E. Award costs of this action;

F. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

## VERIFICATION

We affirm to the best of our knowledge that the foregoing statements are true and correct.

*/s/ A. Smith*

Alton Smith

*Valerie Smith* [signature]

Valerie Smith

## CERTIFICATE OF SERVICE

We certify that a copy of this complaint will be served upon Defendant in accordance with federal law.

[signature]

Alton Smith

*Valerie Smith* [signature]

Valerie Smith